Samuel COHEN, Plaintiff,

v.

The PROCTOR & GAMBLE DISTRIBUT-
ING COMPANY, a corporation of the
State of Ohio, Defendant.

Civ. A. No. 1590.

United States District Court
D. Delaware.

June 5, 1957.

Jacob Balick, Balick & Bader, Wilmington, Del., for plaintiff.

Clement Wood, Allmond & Wood, Wilmington, Del., for defendant.

LEAHY, Chief Judge.

Plaintiff seeks to recover damages caused, he alleges, by the use of "Cheer", a product either manufactured, packaged, sold or distributed by defendant.[1] Defendant moved for summary judgment under Fed.Rules Civ.Proc. rule 56, 28 U.S.C. because it does not manufacture, package, or advertise the product, but purchases it in sealed packages from the manufacturer and in turn sells and distributes it throughout the country. Plaintiff then directed certain interrogatories to defendant under FR 33 designed to ascertain the inter-corporate relationship of defendant, The Proctor and Gamble Distributing Company, to The Proctor and Gamble Company and The Proctor and Gamble Manufacturing Company. Defendant filed objections to these interrogatories as the corporations named, other than defendant, were not parties to this suit and the information sought was not relevant to the issues involved. Plaintiff countered pursuant to FR 56(f) to continue the argument on the summary judgment motion pending this and other discovery. Defendant contends plaintiff's supporting affidavit is deficient and "that even if further discovery should reveal an interrelationship, advantage could not be taken of the information, for any attempt now to amend the complaint to add a new party or to plead agency would be to permit the setting up of a new cause of action after the statute of limitations has run." Since similar issues are presented by defendant's objections to interrogatories and plaintiff's motion for continuance, this memorandum will dispose of both.

■ 1. The primary question is whether on the alleged facts inter-corporate liability is relevant to the subject matter involved. If it is, the question arises whether, on his showing, plaintiff is entitled to a continuance.

There is authority which sets out the circumstances under which one corporate entity must respond for the torts of another.[2] Here, plaintiff's thesis is the defendant distributing company, a corporate entity, is liable for the alleged tort of the manufacturer or the packager. As the party opposing summary judgment, plaintiff is not to be foreclosed from exploring into any matter to justify his opposition. What plaintiff must prove, ultimately, in order to ward off summary judgment and establish liability, and what law would control, I do not rule, nor need extended discussion be made at this time. The statute of limitations, which defendant states would act as a bar were the other corporations joined as defendants or sued separately, is not now before me, and, in any event, may be unavailing in the face of inter-corporate responsibility. I find, therefore, plaintiff's interrogatories to defendant are within the scope of examination under FR 26(b) and must be answered to the best of defendant's knowledge.[3] Its objections are therefore overruled.

■ 2. As to plaintiff's motion for continuance, FR 56(f) grants broad discretion to the trial judge. Although plaintiff's affidavit is lacking in some respects, it recites sufficient reason to conclude it would be unjust to hear and determine defendant's motion for summary judgment without affording plaintiff the opportunity to utilize full discovery procedures in order to oppose

1. Also see D.C.Del., 16 F.R.D. 128; D.C. Del., 18 F.R.D. 301, for exposition of the facts of this case.

2. See Ballantine on Corporations § 138; Stevens on Corporations § 17.

3. Professor Moore states: "The party serving the interrogatories may designate therein a particular officer whom he desires to answer the interrogatories or may leave it with the adverse party to select an officer to make the answers. Regardless of which party designates the officer to answer, however, the person verifying the answers must furnish whatever information is available *to the party*." 4 Moore, Federal Practice, pp. 2278–2279.

summary judgment.[4] The motion for continuance is, therefore, granted for such time as proves reasonable, having due regard for the time already elapsed since the filing of suit.

Orders may be submitted in accordance therewith.

---

4. 6 Moore, Federal Practice, p. 2349.