[No. 39603.    Department Two.    November 21, 1968.]

JOHN L. BARTLETT, *Appellant*, v. NORTHERN PACIFIC
RAILWAY COMPANY *et al., Respondents.*\*

*Robert H. Peterson* (of *Muscek, Adams, Peterson, Swayze & Baker*), for appellant.

*John Majeres, Roger J. Crosby* and *Reed, McClure & Moceri,* by *Roy J. Moceri,* for respondents.

HILL, J.—The trial court, in granting summary judgment of dismissal of the plaintiff's action against the city of Tacoma and the Northern Pacific Railway Company, commented "Maybe the supreme court will think differently." It does!

The end result may be the same at the conclusion of a jury trial, for a jury may reach the same conclusion as the trial court:  That neither defendant failed in any duty owed to the plaintiff which could have prevented the injuries which he sustained. Nevertheless, we are satisfied that there are issues of fact which should be decided by a jury.

The plaintiff had driven his automobile up an inclined roadway to where it makes a 90° left turn to cross a bridge over the Northern Pacific Railway tracks at a height of

\*Reported in 447 P.2d 735.

some 35 feet above the ground. Unknown to the plaintiff, the surface of the roadway at the place where this turn occurs was slippery (there were statements that it was icy), and instead of his car making the turn, it continued straight ahead over a wooden curb, across a 6-foot sidewalk and through a guardrail, plunging to the ground below.

The plaintiff contends that the defendants knew that, at the temperatures then existing, the roadway at this point might be icy, and that no adequate warning of the potentially dangerous situation was given. The defendants[1] respond that plaintiff was familiar with the roadway and that a posted speed of 10 miles per hour was ample notice that more than ordinary care was required. (The defendants contend that had plaintiff obeyed that speed limit his car would not have gone over the curb, across the sidewalk and through the guardrail.)

We said in *Barton v. King Cy.*, 18 Wn.2d 573, 576, 139 P.2d 1019, after reviewing a number of our cases:

> The gist of the decisions in these cases, . . . is that the municipality *may* be chargeable with negligence for failure to maintain warning signs or barriers *if the situation along the highway is inherently dangerous or of such character as to mislead a traveler exercising reasonable care.*

We express no view as to the merits of the present controversy; we are simply saying: (1) that a jury could find the situation at the locus in quo was inherently dangerous, or of such a character as to have misled a traveler exercising reasonable care; and (2) if the jury should so find, then the adequacy of the warnings given and of the barriers (curbs and guardrails) maintained would likewise be a jury question and not an issue to be determined on summary judgment. *Overton v. Wenatchee Beebe Orchard Co.*, 28 Wn.2d 377, 183 P.2d 473, 173 A.L.R. 616 (1947).

The plaintiff urges that the posted speed of 10 miles per hour gave no notice of slippery or icy conditions; he urges further that instead of a 10 or 12-inch curb, as on the rest

---

[1]The city and the railway company raise no question as to their joint liability, if there is any liability.

of the incline, constant hitting of the curb where his car "climbed" it had "chewed" it down to an effective height of only 3 or 4 inches; and that his car, at its speed of 10 miles an hour, would not have gone over an adequate curb.

The plaintiff contends that a car traveling 10 miles an hour or less can be successfully halted by relatively low-cost barriers, and that the history of similar accidents at this particular point indicated a need for more substantial barriers. The defendants respond that *Davison v. Snohomish Cy.*, 149 Wash. 109, 270 Pac. 422 (1928), held that a municipality is under no duty to erect a guardrail of sufficient strength to keep an automobile from crashing through.

The precise holding in that case was that a municipality is under no duty to erect barriers sufficient to prevent automobiles traveling at a high rate of speed from crashing through. Our disposition of the present case is not intended to overrule that holding. It is obvious that the erection of barriers sufficient to prevent a speeding vehicle from crashing through could result in injuries as serious as those that would be suffered if the vehicle were to crash through a weaker barrier and collide with whatever lay beyond. Such would not be the case where a barrier is erected to stop slow-moving vehicles from plunging off a bridge 35 feet above the ground.

The reasoning in the *Davison* and *Overton* cases, *supra,* was based on the impracticality as a matter of engineering and on prohibitive costs. We do not consider the ideas of the court, expressed 40 years ago, as necessarily authoritative on the engineering and financial phases of the same problem today. We are satisfied that the parties should have the opportunity of presenting their evidence as to the practicality (cost wise or otherwise) of guardrails or barriers on dangerous or misleading roadways to stop slow-moving vehicles.

We would in no way derogate from the summary judgment as a proper and valuable instrument for preventing useless trials; but it should not be used, as in the present case, where a real doubt exists as to decisive factual issues.

The summary judgment appealed from is set aside with directions to proceed as though it had been denied.

FINLEY, C. J., HUNTER and HAMILTON, JJ., and RYAN, J. Pro Tem., concur.

January 10, 1969. Petition for rehearing denied.