936

[No. 374-41334-1. Division One. June 22, 1970.]
Panel 1

FRED D. JONES et al., Respondents, v. HAL BRANDT et al.,
Appellants.

*Powell, Livengood, Dunlap & Silvernale* and *G. J. Silver-
nale, Jr.,* for appellants.

*Shellan, Pain, Stone & Swanson* and *J. Robert Walker,*
for respondents.

JAMES, C. J.—Jones contracted to sell his home and 23.7
acres of land to Brandt, a licensed real estate broker. The

contract, dated December 19, 1968, provides for a purchase price of $143,000.

Among several unusual provisions in the contract (provisions generally improvident for a seller) is one which provides for the execution and delivery of a warranty deed at the time the first installment payment was to be made. Brandt paid $5,000 at the time the earnest money receipt and agreement was executed. The terms of the contract regarding the payment of the balance of the purchase price are, in part, as follows: "The sum of $66,500.00 shall be paid on or before February 15, 1969. At the time of said payment the seller shall deliver to the purchaser, or his assigns, a warranty deed to the entire described land."[1] The contract also requires Brandt to pay all taxes which became due after execution of the contract. The contract provides that time is of the essence and that "in case the purchaser shall fail . . . to make any payment required hereunder promptly . . . and in the manner herein required, the seller may elect to declare all the purchaser's rights hereunder terminated, . . ."

Brandt did not make the February 15 payment of $66,500, nor has he since then tendered any payment. Neither has he paid the real estate taxes which were due on April 30. On May 1, 1969, Jones served upon Brandt a document entitled "Notice of Declaration of Forfeiture and Cancellation of Contract." The document advised Brandt that he was in default because of his failure to pay the installment due on February 15, 1969. Attached to the notice was the following:

### STATEMENT

Seller hereby takes the position that you have forfeited the real estate contract (Affidavits supporting this position are attached). In the event that a court proceeding should result and it be adjudged that you were entitled to notice of forfeiture, we hereby declare that this is a statement of notice of declaration of forfeiture and can-

---

[1]The $66,500 was payable without interest, and Jones was required upon receipt thereof to pay Brandt $7,150 as the first installment of a "commission" of $12,150.

cellation of said real estate contract without prejudice of our statement above. Further, in the event you propose to assert any claim under the contract, demand is made that you hereby tender to the Seller, or deposit with the registry of the court in any legal proceedings which may be commenced all sums due under the terms of the contract, $66,500.00, less real estate commissions of $7150.00, payable upon receipt of the first installment, plus real estate taxes paid by the Seller and interest thereon at the rate of seven (7%) percent, these amounts to be held by the Seller or court pending suit to determine any interest the Purchaser may have in the above-mentioned real estate. Demand is further made that the sum set forth above be paid on or before June 2, 1969, or thereupon, a second declaration will be made. This second declaration will be without prejudice to the declaration above made.

Notice is hereby given that in any legal proceeding made necessary to clear title to this property a claim will be made for costs and reasonable attorney's fees as provided for under the terms of the above-mentioned contract.

One of the affidavits referred to in the notice was that of Jones' former attorney. According to the affidavit, Brandt was notified both orally and in writing that the $66,500 payment would be due on February 15 as provided in the contract. Both Jones and the attorney state in their affidavits that after Brandt had failed to make the required payment, Brandt agreed to abandon the contract.

Jones brought this action on May 9, 1969, seeking judicial confirmation of the claimed forfeiture. On May 19, Jones moved for default, noting the motion for hearing on June 2. Brandt's answer was filed on June 2, and the motion for default was therefore denied. Jones immediately moved for summary judgment and at the same time served a second "Notice of Declaration of Forfeiture and Cancellation of Contract" upon Brandt. This notice advised Brandt that Jones had elected to forfeit the contract because of Brandt's "failure to make good [his] default in accordance with the notice heretofore given . . ." The notice also contained the following statement: "The second Declaration

is without prejudice to a Declaration of Forfeiture and Cancellation of Contract, dated May 1, 1969."

The motion for summary judgment was argued on June 16. Jones asserts that after the judge considered the pleadings, affidavits, briefs, and arguments of counsel, he granted Brandt an additional 2 weeks in which to make the $66,500 payment. This Brandt denies. No written order or minute entry has been made a part of the record on appeal, and we cannot resolve this dispute. In any event, the judge did not sign the judgment until July 1.

Brandt asserts that the cognizable facts which could properly be considered by the judge do not support his conclusion that Jones is entitled to a summary judgment of forfeiture.

Jones argues that the judgment can be supported on either of two bases. He first contends that the notices of forfeiture were legally effective.

Forfeitures are not favored and are never enforced unless the right to the forfeiture is absolutely clear. *John R. Hansen, Inc. v. Pacific Int'l Corp.*, 76 Wn.2d 220, 455 P.2d 946 (1969). When time is made the essence of a real estate contract, however, the seller is entitled to exact compliance with the time requirements of the contract. Courts will enforce a forfeiture if an installment payment is not made on time. *Sisson v. Durrant*, 152 Wash. 382, 278 P. 174 (1929).

The May 1 notice declared a forfeiture because of Brandt's failure to pay the first installment required by the contract. There had been no prior acceptances of late installment payments or other indulgences. Under such circumstances a forfeiture may be claimed without offering a grace period in which to remedy defaults. *Sisson v. Durrant, supra.* Jones' alternative notice conditionally offering a grace period did not impair the effectiveness of his first declaration of forfeiture.

There remains, however, a further issue concerning the effectiveness of both the first and alternate claims of forfeiture. Brandt contends that because the contract required

the delivery of a warranty deed upon payment of the February 15 installment, neither notice of forfeiture was effective without the tender of a deed by Jones. Jones presented no evidence of a tender at the summary judgment hearing. It is his position that a tender is not required.

 Brandt's contention is well taken. The payment of $66,500 by Brandt and the delivery of a deed by Jones are, under the contract, mutual and concurrent obligations. A court, applying equitable principles, will not approve the forfeiture of an executory real estate contract for nonpayment without the tender of a deed if the purchaser would have been entitled to a deed had he made the payment at the time specified in the contract.

> While we admit that the conditions providing for forfeiture in contracts of this character are usually held to be for the benefit of the vendor, and we have been hitherto, and are now, willing to give the vendor the full benefit of all the conditions of his contract, and say that all payments prior to the last payment are conditions precedent, we have no sympathy with the holding of some courts to the effect that the whole duty is upon the purchaser, and unless he tenders the last payment the vendor is entirely released from any obligation to convey or tender conveyance. *The covenants are independent so long as no duty is imposed on the vendor, but if any covenant puts both parties to action and concurs in time, it must be held to be dependent and concurrent.* . . .
>
> There is nothing in the assertion that any other rule will interfere with, or destroy, or invite a breach of, the contract as the parties have made it. What we have undertaken to show is that a tender of performance when stipulated in the agreement, as well as a tender of payment, is a part of the contract; the two engagements make the contract; the one is dependent on the other.

(Italics ours.) *Reese v. Westfield,* 56 Wash. 415, 418, 105 P. 837 (1909). *See also Moeller v. Good Hope Farms, Inc.,* 35 Wn.2d 777, 215 P.2d 425 (1950).

 In his brief Jones has reproduced a letter dated February 7, 1969, addressed to Brandt and purportedly written by Jones' former attorney. Although persisting in his contention that a tender was not necessary, he asks us

to find that the letter did in fact tender a deed to Brandt. Brandt denies that he ever received the letter. Whether the letter could be considered as a tender of a deed we do not decide. As Brandt points out in his reply brief, the letter was not brought to the attention of the judge who considered the motion for summary judgment. We therefore may not consider the letter, and its inclusion in Jones' brief was improper. *Casco Co. v. PUD 1,* 37 Wn.2d 777, 226 P.2d 235 (1951).

Jones' second contention is that the judge could have found from the evidence presented that Brandt agreed to abandon the contract after he received the notice of May 1. The affidavits of Jones and of his former attorney could be read to support such 'an assertion, but Brandt denies that he ever so agreed. The judge made no findings of fact, nor were they required. CR 52(a)(5)(B). There is no oral or written memorandum opinion from which we may ascertain the judge's reasoning. *See, e.g., Caldwell v. Yellow Cab Serv., Inc.,* 2 Wn. App. 588, 469 P.2d 218 (1970).

The summary judgment cannot be sustained on either of Jones' theories. His notice of forfeiture was unavailing without the tender of a deed. Whether such a tender was made is a question of fact. As to Jones' assertion that Brandt abandoned the contract there is also a genuine issue of fact which can be resolved only by trial. *Bartlett v. Northern Pac. Ry.,* 74 Wn.2d 881, 447 P.2d 735 (1968).

The judgment is reversed. The case is remanded for the following disposition:

If, within 15 days after this opinion becomes final (*see* CAR 15), Jones deposits a warranty deed to the property in question with the King County Clerk, judgment shall be entered forfeiting the contract unless, within the same 15-day period, Brandt deposits $66,500, plus interest thereon at the rate of 7 per cent per year from February 15, 1969, with the clerk. If Brandt makes such a deposit, the case shall be set for trial at the earliest available date for a resolution of the factual issues presented: for example,

whether Jones tendered a deed and whether Brandt abandoned the contract. If, after trial, a forfeiture is declared, Brandt shall be refunded the amount of his deposit less the amount of Jones' assessable costs in both superior and appellate courts, together with a reasonable attorney's fee to be determined by the trial judge. If, after trial, a forfeiture is not declared, the clerk shall deliver the deed to Brandt, and the money deposited by Brandt shall be disbursed to Jones after making the following computations: To the sum of $66,500 shall be added interest at the rate of 7 per cent per year from February 15, 1969, to the date of judgment, plus the amount of taxes paid by Jones with interest thereon from the date of payment to the date of judgment at the rate of 7 per cent per year. From the total of these sums shall be deducted the amount of the agreed commission payment of $7,150, plus the amount of Brandt's assessable costs in both the superior and appellate courts and a reasonable attorney's fee.

FARRIS and SWANSON, JJ., concur.

---

Petition for rehearing denied September 14, 1970.