MARGARET E. COFER, *Appellant,* v. COUNTY OF PIERCE *et al.,*
*Respondents.*

*Neil J. Hoff* (of *Hoff & Cross*), for appellant.

*Allan R. Billett* and *Arthur J. Emery, Jr.* (of *Comfort,
Dolack, Hansler & Billett*), for respondents.

ARMSTRONG, J.—On August 27, 1968, Margaret Cofer, the
plaintiff and appellant herein, slipped and fell on a wet
floor of the County-City Building in the city of Tacoma.
After three trial date continuances the cause was set for
trial for February 14, 1972. Each continuance was requested

by plaintiff and was granted for good cause shown. On August 30, 1971, the defendant noted the matter up for summary judgment and a hearing on the motion was set for September 13, 1971. The trial court continued this matter 1 week to September 20, 1971. Again the plaintiff asked for a continuance but this was denied and the summary judgment granted.

The sole issue presented by this appeal is: Did the trial court abuse its discretion in denying plaintiff's request for a continuance at the summary judgment hearing on September 20, 1971? We hold that the court did abuse its discretion under the unusual circumstances of this case.

The facts before the trial court at the first hearing on the motion were that the plaintiff entered the County-City Building on a rainy day. She slipped in a puddle of water and fell. These facts, without explanation therefor, do not create a cause of action based on negligence. *Merrick v. Sears, Roebuck & Co.,* 67 Wn.2d 426, 407 P.2d 960 (1965). At this first hearing plaintiff's counsel orally alleged that he had a witness from whom he had not had sufficient time to secure an affidavit. This witness would testify that the floor was being maintained in a dangerous manner and contrary to the instructions given by the contractor who supplied the floor material. This evidence, if plaintiff was in fact able to produce it, would be sufficient to support a charge of negligence. *Merrick v. Sears, Roebuck & Co., supra; Brant v. Market Basket Stores, Inc.,* 72 Wn.2d 446, 433 P.2d 863 (1967), and cases cited therein. The trial court granted a continuance but stated that it was doing so only to allow plaintiff to file further authority, the court stating:

the Court [will] not consider any further affidavits, this matter having now been argued before the Court, it is now before the Court for argument, and I have heard Mr. Billett, and if you have any authorities or any memorandum that you desire to submit I will be happy to set it over for a week.

Two days later plaintiff's counsel filed his own affidavit stating he had contacted Charles Mrack, the witness re-

ferred to above, who could not help prepare the affidavit because he was being hospitalized. This affidavit asked for a continuance until the witness was out of the hospital and could help prepare an affidavit.[1]

At the second hearing on the motion for summary judgment on September 20, 1971 plaintiff's counsel, Mr. Neil Hoff, explained that he had just recently learned of the witness who could testify to the deficiencies in the flooring. He further stated that during the full week of the 6th of September, 1971, exclusive of Labor Day, he was in Portland, Oregon attending both the judges' and lawyers' annual meetings.

At the second hearing on the motion for summary judgment, the trial court stated that it had considered the affidavit of counsel, although reluctantly because the court still felt it could not consider any affidavits filed after the

---

[1]The full text of counsel's affidavit reads:

"NEIL J. HOFF, being first duly sworn, deposes and says: That he is one of the attorneys of record for plaintiff herein and makes this affidavit in opposition to defendant's motion for Summary Judgment. Affiant states that he has been in contact with Charles Mrack, President of Pacific Terrazzo, Inc. and that there are certain deficiencies in the flooring and he would have suspected from the way the floor is maintained there would be substantial slippage under certain circumstances.

"Mr. Mrack is in the hospital and unable to help in the preparation in this affidavit. That his office advises they do not as yet know the reason for his hospitalization but will advise affiant as soon as Mr. Mrack can talk to affiant. Further affiant has all the technical information concerning the flooring which he was unable to get until the middle of the week of September 1st. That affiant has also samples of the flooring in his possession. That further the information is so technical it cannot be interpreted until Mr. Mrack is able to explain. Affiant further states that during the full week of the 6th of September, exclusive of Labor Day, he was in Portland, Oregon attending both the judges and lawyers annual meetings and that Judge Bertil Johnson well knew that fact as he was there.

"That further, affiant will have witnesses who have either slipped or seen other people who have slipped in the approximate area where the plaintiff slipped.

"WHEREFORE; the affiant prays the ruling on the defendant's motion be delayed until the affidavit of Charles Mrack can be obtained and further the motion be dismissed.

"Neil J. Hoff"

commencement of argument on the motion. The court denied plaintiff's request for a continuance and granted defendant's motion for summary judgment.

■ Before we reach the principal issue in this appeal, we must note that the court correctly considered the affidavit of counsel. Under normal circumstances it is not desirable to file affidavits after argument is heard on the motion, but it is a party's right to do so. Until a formal order granting or denying the motion for summary judgment is entered, a party may file affidavits to assist the court in determining the existence of an issue of material fact. *Felsman v. Kessler,* 2 Wn. App. 493, 468 P.2d 691 (1970); *Nicacio v. Yakima Chief Ranches, Inc.,* 63 Wn.2d 945, 389 P.2d 888 (1964).

Plaintiff contends that the denial of her request for a continuance constitutes an abuse of the court's discretion and she asks us to reverse. Defendant would have us affirm the judgment of the trial court because the trial date had already been continued three times and plaintiff asked for a second continuance of the summary judgment. Defendant argues that there must be a limit to the extension of courtesy and consideration and when the trial court denied plaintiff's request for a second continuance of the summary judgment hearing after continuances of the trial date, it did not abuse its discretion.

We are not in sympathy with a series of delays in the trial of a lawsuit. We note, however, that the three trial date continuances secured by plaintiff were based upon good cause shown. The case had finally been set for trial for February 14, 1972. We cannot ignore the fact that plaintiff was under no obligation to secure any affidavits until August 30, 1971. Although we consider, as did the trial court, that the case had been at issue for a substantial period of time, our primary concern must be directed to the summary judgment proceeding itself.

■ A summary judgment is a valuable procedure for cutting through sham claims and defenses. It may not, however, encroach upon a litigant's right to place his evidence before a jury of his peers. Summary judgment is a

procedure for testing the existence of a party's evidence. Only where it appears from the pleadings, depositions and affidavits on file that a party will not be able to present an issue of material fact before the trier of fact should a summary judgment be granted. *Bartlett v. Northern Pac. Ry.*, 74 Wn.2d 881, 447 P.2d 735 (1968); *Leland v. Frogge*, 71 Wn.2d 197, 427 P.2d 724 (1967).

Plaintiff could not use the affidavit of her counsel to create an issue of material fact because the attorney's affidavit was based upon hearsay and upon information and belief. If the attorney's affidavit had been based upon testimonial knowledge it would have been admissible to create an issue of material fact. CR 56(e). *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 431 P.2d 216 (1967). The attorney's affidavit was admissible, however, to show good reasons why he could not obtain the affidavit of a material witness. CR 56(f) provides:

> When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CR 56(f) provides a remedy for a party who knows of the existence of a material witness and shows good reason why he cannot obtain the affidavit of the witness in time for summary judgment proceedings. We believe the plaintiff, through her counsel, has set forth sufficient reason to show that if a continuance were granted she could obtain an affidavit of a witness which would present an issue of material fact. *See* comment on CR 56(f), 10 L. Orland & D. Reaugh, Wash. Prac. 380 (1971).

We believe that when a trial court has been shown a good reason why an affidavit of a material witness cannot be obtained in time for a summary judgment proceeding the court has a duty to accord the parties a reasonable

opportunity to make their record complete before ruling on a motion for a summary judgment, especially where the continuance of the motion would not result in a further delay of the trial. Interpreting the proposed evidence in a light most favorable to the nonmoving party, as we must, we find that the evidence plaintiff's counsel alleged he could obtain would present a genuine issue of material fact. We therefore conclude that a failure to accord the nonmoving party a reasonable opportunity to show the existence of an issue of material fact constitutes an abuse of discretion. *See Cohen v. Proctor & Gamble Distrib. Co.,* 20 F.R.D. 596 (D.C. Del. 1957).

In fairness to the highly respected and learned trial judge we point out that the circumstances of this case were unusual and he was not advised of the few court decisions which hold that an affidavit should be considered at any time prior to entering a final order on the summary judgment.

In making our determination we have considered only the affidavits and proceedings before the trial court at the two summary judgment hearings. It is interesting to note however that the affidavit of Charles Mrack, filed after the appeal was filed, states that on or about September 3, 1971 he became seriously ill and was unable to communicate with attorney Neil Hoff or any of his customers for approximately 13 weeks. He further stated that about 10 days or 2 weeks prior to that date he first advised Mr. Hoff that he was prepared to testify to the general danger in the use of the floor. He stated that the customer was advised "do not use any purely surface waxes, liquor shellac or varnish preparations." It was his opinion that continuous waxing, as has been done over the years on the floor in question, destroys the abrasive aggregate of the floor surface and makes the surface dangerous for walking.

Judgment reversed and remanded for a consideration of the affidavit of Charles Mrack.

PEARSON, C.J., and PETRIE, J., concur.