[No. 729-2.    Division Two.    April 20, 1973.]

NICK ASKIN, *Appellant,* v. CROWN ZELLERBACH, INC., *Respondent.*

*Gerry A. Reitsch* (of *Klingberg, Houston, Reitsch, Cross & Frey*), for appellant.

*David B. Hallin,* for respondent.

ARMSTRONG, J.—The plaintiff, Nick Askin, appeals from an order dismissing his suit against Crown Zellerbach, Inc.

Plaintiff's complaint alleged that he and Crown Zellerbach entered into a contract whereby he was to construct a road on Crown Zellerbach property for the agreed price of $95,528.75, $24,919.32 of which has not been paid. Additionally, the plaintiff performed extra work in constructing the road, the reasonable value of which is alleged to be $23,200. The complaint alleged that Crown Zellerbach failed to furnish transportation to move the plaintiff's equipment in and out of the job site as required by the contract. As a result the plaintiff incurred expenses of moving the equipment in the reasonable sum of $1,768.36. Accordingly, the complaint prayed for judgment against the defendant in the amount of $49,887.68.

Crown Zellerbach filed a motion to dismiss the complaint on the ground that the plaintiff failed to allege in his complaint, as required by RCW 18.27.080, that he was a duly registered contractor at the time the parties entered into the contract. Plaintiff filed affidavits in opposition to the motion and the court heard argument. After argument the trial court dismissed the plaintiff's action.

In his appeal the plaintiff raises questions of his substantial compliance with, and the constitutional validity of RCW 18.27. We do not reach these questions of substantial compliance and constitutionality for we hold that the plaintiff's pleadings and affidavits created a genuine issue of material fact as to whether he was or was not a contractor within the meaning of RCW 18.27.010.

Initially, we must determine what kind of motion was before the trial court. The defendant called his motion a

"Motion to Dismiss." Since the motion attacked the sufficiency of the plaintiff's complaint to have the court grant relief, it is either a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12 (b) (6) or a motion for judgment on the pleadings under CR 12 (c).[1] Thus, when the plaintiff filed affidavits containing matters not in the pleadings and these affidavits were not excluded by the court, the motion became one for summary judgment. CR 12(b), (c).

We stated in *Cofer v. County of Pierce*, 8 Wn. App. 258, 505 P.2d 476 (1973), that summary judgment should be granted only where it appears from the pleadings, depositions and affidavits on file that a party will not be able to present a genuine issue of material fact before the trier of fact. It is undisputed that if the plaintiff was required to register as a contractor, RCW 18.27.080 precludes him from maintaining this suit because he was not so registered when he entered into the contract. Thus, he would not, in the language of CR 56(c), be able to present a genuine issue as to any material fact and the court properly granted the motion. The question for our consideration then becomes: Was the plaintiff required to register as a contractor under RCW 18.27? Looking at the pleadings and affidavits on file in the light most favorable to the plaintiff, we

---

[1]CR 12(b) provides in relevant part:

[T]he following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
CR 12(c) provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
We cannot determine whether the motion was a CR 12(b)(6) or a CR 12(c) motion because the record on appeal does not disclose if, at the time motion was filed, the pleadings were closed.

find a genuine issue of material fact as to whether he was required to register as a contractor.

RCW 18.27.010 defines a contractor as that term is used in RCW 18.27 as "any person, firm or corporation who or which, in the pursuit of an independent business undertakes to, . . . construct, . . . for another, any building, highway, road, . . ." RCW 18.27.020 requires such persons, firms or corporations to obtain a license to operate as a contractor within this state. RCW 18.27.080 provides that an unlicensed contractor may not maintain an action for the collection of any compensation allegedly due as a result of any work performed in violation of the chapter. This statute has been interpreted to preclude even a suit on a dishonored check given to an unlicensed contractor for work completed. *Vedder v. Spellman*, 78 Wn.2d 834, 480 P.2d 207 (1971).

RCW 18.27.010, the statute defining those who are required to register, has also been interpreted in this state. In *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.*, 8 Wn. App. 581, 508 P.2d 623 (1973), decided since the oral argument in the instant case, Northwest Cascade had originally contracted to perform certain work for Custom Component Structures, Inc. For business reasons two of Northwest Cascade's employees were required to complete the project. Neither employee was a licensed contractor. Allowing the two employees recovery, the court held:

> The reach of the statute [RCW 18.27.010] is confined to one engaged in improvement construction *in the course of a regular and continuing occupation or calling as a contractor* performing the kind of work contained in the definition. Thus, it is possible for one to bid for or work on a single construction job without doing so "in the pursuit of an independent business."

(Italics ours.)

At the hearing on the motion, the plaintiff established that he was, previous to this project, a licensed hauler. He had never performed work as a contractor but was ap-

proached by Crown Zellerbach to submit a bid on this project. He did and, when awarded the contract, he purchased the necessary contractor's liability insurance at the request of the defendant. He further established by affidavit that he would not have acquired such liability insurance except that Crown Zellerbach required him to obtain it prior to commencement of the work. The contract was written by Crown Zellerbach and specifically waived a performance bond, one of the requirements of RCW 18.27. It was only when a dispute arose after the road was constructed that Crown Zellerbach raised as a defense to its obligation that Askin had failed to register as a contractor before he entered into the contract.

Thus, the facts as presented to the trial court were that Crown Zellerbach knew from the beginning that Askin was not in the construction business as a contractor. He was a hauler. He had never before performed as a contractor but did so solely at the insistence of Crown Zellerbach. Because these facts show he was not, in his regular course of business, engaged in the construction business as a contractor, RCW 18.27.010 does not require the plaintiff to register. *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc., supra.* If he is not within the classification embodied in RCW 18.27, the plaintiff is entitled to maintain his suit on the contract.

We stress that, in reaching our decision, we have viewed the facts in the light most favorable to the plaintiff. The plaintiff has not proven by a preponderance of the evidence that he was not, in his regular course of business, engaged in the construction business as a contractor. He has, however, created a genuine issue of material fact. Accordingly, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded for further proceedings consistent with this opinion and the opinion in *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc., supra.*

PEARSON, C.J., and PETRIE, J., concur.