[No. 6068–1.   Division One.   January 17, 1979.]

EDWIN S. NELSON, ET AL, *Appellants,* v. STEVE J. KATSAFANAS, ET AL, *Respondents.*

*Roberts, Shefelman, Lawrence, Gay & Moch, James S. Turner,* and *William N. Appel,* for appellants.

*Oles, Morrison, Rinker, Stanislaw & Ashbaugh, Sam E. Baker, Jr.,* and *B. Michael Schestopol,* for respondents.

WILLIAMS, J.—Coast Construction, Inc., and others commenced this action against Steve J. Katsafanas and others to forfeit a real estate contract. The parties stipulated that judgment should be entered forfeiting the contract but that the purchaser, Katsafanas, could avoid forfeiture by making full payment within a time certain. The stipulation was incorporated in a judgment. At the expiration of the time period, the assignees of Coast Construction sought a writ of

restitution to gain clear title and possession of the property and Katsafanas asked for a show cause hearing to settle the rights of the parties. Following several hearings, the court entered findings of fact, conclusions of law, and an order directing the assignees of Coast Construction to furnish Katsafanas with a statutory warranty deed and a satisfaction of judgment, and directing the clerk to give the assignees $105,000 which Katsafanas had caused to be deposited in the court registry. The assignees appeal from the order. We affirm.

The facts essential to be stated are that on March 15, 1977, a judgment was entered in this cause which forfeited Katsafanas' interest as purchaser in a real estate contract with Coast Construction but which provided that the forfeiture

shall be stayed for a period of six months, commencing March 11, 1977 and ending at 4:30 P.M. on September 12, 1977 under the terms and conditions set forth hereafter.

Defendant Katsafanas shall have the right to pay during said six–month term the sum of $105,000 to plaintiffs Coast Construction to avoid forfeiture of his interests, as hereinafter provided.

The property was worth about $184,000.

On September 12, at the instance of Katsafanas, a Mr. Frank Muljat, after examining the condition of the title to the real estate at Pioneer National Title Insurance Company in Seattle, gave its senior escrow officer $125,000 with instructions to immediately telephone an attorney for Coast Construction that the money was available to pay the judgment. The time was 4:35 p.m. The call was made and the attorney for Coast Construction replied that he did not know where or to whom the money should be paid. This was undoubtedly because Coast Construction had assigned its interest in the judgment to others at 2:45 p.m. that day. The assignment was filed with the court clerk at 3:42 p.m. and Katsafanas was notified of it at 4:05 p.m. In the days following, after considerable maneuvering by the parties for

position, $105,000 of the money was deposited in the court's registry pending the decision as to whether the property should go to Katsafanas or to the assignees of Coast Construction.

The court decided that Katsafanas had substantially performed his part in satisfaction of the judgment, that the assignees had not, and so granted Katsafanas appropriate relief. The principal argument advanced for Coast Construction's assignees is that the judgment was by its terms self–executing and that, as a consequence, Katsafanas lost all interest in the property when payment was not made on or before 4:30 p.m., September 12.

It is true that the judgment was self–executing from the standpoint of the assignees holding the vendor's interest. But it was not self–executing insofar as the interest of Katsafanas as the vendee is concerned. As matters developed on the afternoon of September 12, there was a critical question of where and to whom the money was to be paid. Apparently, in the oral agreement leading to the written stipulation and judgment of March 15, 1977, the money was to be paid into the registry of the court, but that provision was not carried into either the stipulation or judgment, which is the final binding document.

Katsafanas was within 5 minutes of having the money available as prescribed in the judgment. Through no fault of his own, he did not know whom to pay, who was to satisfy the judgment and where the statutory warranty deed he was entitled to under the terms of the real estate contract was. So, precisely at 4:30 p.m., the time the assignees contend is so critical, Mr. Muljat was in the title company office looking at the records with the money in his pocket and was within 5 minutes of delivering it. Coast Construction and its assignees could not be found and, as later learned, did not have ready for delivery the documents necessary to "execute" the judgment. As the Supreme Court commented in a similar situation:

> However, when the court granted a grace period during which appellants could pay the balance of the purchase

price, tender of that balance and tender of a deed conforming to the contract became mutual, concurrent obligations. While appellants failed to tender cash as directed by the court, respondents failed to tender the requisite warranty deed, free of encumbrances. The above quoted covenants are just as much a part of the contract as those portions providing for a forfeiture and making time of the essence.

*Moeller v. Good Hope Farms, Inc.*, 35 Wn.2d 777, 785, 215 P.2d 425 (1950). *See also Jones v. Brandt*, 2 Wn. App. 936, 471 P.2d 696 (1970).

Coast Construction's assignees argue that a provision of the March 15 judgment required Katsafanas to pay the real estate taxes for the property which he did not do and so forfeited the property. The purpose of the judgment was to give Katsafanas 6 months to raise the money to pay off the contract. On the last day, he made available $125,000 to be delivered as required to satisfy the judgment. That is enough.

The remaining argument of the assignees, based on a theory of equitable estoppel, is without merit.

The judgment is affirmed.

FARRIS, C.J., and DORE, J., concur.