**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| JISOO YAMADA, an individual,<br><br>Appellant,<br><br>v.<br><br>EARL'S RESTAURANT (BELLEVUE), INC., a Washington corporation; and EARL'S RESTAURANTS USA, INC., a foreign corporation doing business in Washington; KEMPER DEVELOPMENT COMPANY, a Washington corporation; and ABC CORPORATIONS 1-5,<br><br>Respondents. | No. 83049-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Jisoo Yamada brought a slip-and-fall claim against Earl's Restaurant (Bellevue) Inc. (Earl's Restaurant) and other defendants, asserting she slipped on water on the restaurant floor and was injured. One issue is dispositive. Even accepting Yamada's evidence that some level of water was present on the floor at the time of her fall, there is no evidence from which it can be inferred that an unsafe condition existed. As a result, the trial court correctly granted summary judgment to the defendants. We affirm.

I

On September 2, 2017, Yamada celebrated her birthday with friends. Yamada and her friends went to Earl's Restaurant. Earl's Restaurant was busy and crowded that night.

After being seated and ordering, Yamada and her friend, Leslie Buckner, went to the bathroom to wash their hands. Yamada's dining table was located on carpeted flooring that transitioned into tile flooring closer to the hallway that led to the bathrooms. After the floor transitioned from carpet to tile, Yamada fell backwards on her left elbow and buttock. Buckner was walking behind Yamada and observed that Yamada's fall did not result from her losing her footing or twisting an ankle. Buckner helped Yamada to the bathroom while Yamada held her arm to her chest.

At some point before entering the bathroom, Buckner observed wet blotches or spots all along Yamada's left backside and told Yamada about them. Buckner tried to brush off the wet area on Yamada's clothing to see the nature of the substance, and found it to be simply a "wet liquid." The liquid dried without staining Yamada's clothing.

Yamada felt nauseous immediately after entering the bathroom and believed she might vomit. An Earl's Restaurant waitress noticed Yamada had fallen, and followed her into the rest room. She offered Yamada water and pain medication, which Yamada declined. Yamada remained in the bathroom for at least 10 minutes then rejoined her friends at their table by taking the same route back to her table from the bathroom.

Neither Yamada nor Buckner looked around the area of Yamada's fall to see what might have caused it. No other witness indicated that Yamada slipped on water. Whatever liquid had been present on the floor, Yamada pointed to no means of determining how long it had been present. At no time did Yamada see a restaurant employee spill anything on that area of the floor before her fall or clean up that area after her fall.

On August 11, 2020, Yamada filed suit against Earl's Restaurant and Kemper Development Company alleging negligence under a theory of premises liability. In her deposition taken on March 31, 2021, Yamada testified in regard to the presence of water. She stated, "[T]here was like a little darker spot kind of towards my left side of my, like, buttocks. . . . [My romper] wasn't completely wet." When asked, "[W]hen did your friend first notice that you had some staining on your romper?" She said, "As soon as we were . . . walking into the bathroom because I think I was probably . . . ahead of her a little bit."

The defendants filed a motion for summary judgment on July 2, 2020. On July 19, 2021, in response to the motion for summary judgment, Yamada filed a declaration testifying, "When [Buckner] helped me up, she immediately said that my romper was wet because there were large, wet blotches, splotches, smudges, or spots all along my left backside." Additionally, Yamada submitted a declaration by Buckner, in which Buckner testified she noticed Yamada's clothing was wet shortly after the fall. Yamada did not contest the summary judgment motion as to defendants other than Earl's Restaurant.

3

The trial court granted summary judgment to the defendants. Yamada appeals.

II

A party seeking summary judgment bears the initial burden to show the absence of a genuine issue of material fact. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). This burden may be met by showing an absence of evidence to support the nonmoving party's burden of proof at trial. Id. Then, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. Id. We review an order granting summary judgment de novo. Id. at 226. We view the evidence in the light most favorable to the nonmoving party. Id.

Initially, the parties dispute whether Yamada's evidence is sufficient to support an inference that water was present on the floor at the time of her fall. Citing Marshall v. AC&S, Inc., 56 Wn. App. 181, 185, 782 P.2d 1107 (1989), Earl's Restaurant asks that we disregard Yamada's declaration. It argues the statements contradict Yamada's earlier deposition testimony. However, we need not decide this issue because even considering the declaration, Earl's Restaurant is entitled to summary judgment.

A party asserting negligence must establish duty, breach of that duty, causation, and damage. Hansen v. Friend, 118 Wn.2d 476, 479, 824 P.2d 483 (1992). In a premises liability action, a land possessor's duty of care is governed by the entrant's status as an invitee, licensee, or trespasser. Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 128, 875 P.2d 621 (1994). It is

undisputed that at the time of her injury Yamada was a business invitee of Earl's Restaurant to whom Earl's Restaurant owed a duty of care.

The parties devote much of their briefing to whether the nature of Earl's Restaurant's business and its methods of operation are such that the existence of an unsafe condition on the premises is reasonably foreseeable, or alternately, whether Earl's Restaurant had actual or constructive notice of an unsafe condition. Johnson v. Liquor & Cannabis Bd., 197 Wn.2d 605, 622, 486 P.3d 125 (2021); Pimentel v. Roundup Co., 100 Wn.2d 39, 49-50, 666 P.2d 888 (1983).

Separately from establishing notice or an exception to the notice requirement, however, Yamada must establish the existence of an unsafe condition. Watters v. Aberdeen Recreation, Inc., 75 Wn. App. 710, 714, 879 P.2d 337 (1994). Under Washington case law, the mere presence of some level of water on a floor and the fact of a slip are insufficient on their own to establish the existence of an unsafe condition. Brant v. Market Basket Stores, Inc., 72 Wn.2d 446, 448, 433 P.2d 863 (1967); Merrick v. Sears, Roebuck & Co., 67 Wn.2d 426, 429-30, 407 P.2d 960 (1965). Rather, a plaintiff must further produce evidence "that water would render such a floor, as then and there existed, slippery or dangerous." Brant, 72 Wn.2d at 448.

In Merrick, the plaintiff worked at Sears and used a rest room maintained by the store. 67 Wn.2d at 426-27. In the washroom section of the women's rest room were five toilets in stalls alongside one wall and the opposite wall contained five sinks, each with a liquid soap dispenser. Id. at 427. The washroom floor, composed of small rectangular ceramic tiles, had a drain near the center of the

5

area. Id. While at work one morning, Merrick washed her hands with liquid soap, dried them at a towel rack, and in turning to leave, slipped and fell backwards, hitting her head. Id. While standing back up, Merrick felt water on the floor with her hand. Id. A few hours later, another Sears employee observed not a puddle but a few drops of water on the floor and that the floor lacked the brightness or depth of color as though mopped and rinsed with dirty water. Id. at 427-28. Merrick held, "[N]o inference of negligence can be drawn either from the existence of a few drops of water on the rest room floor as described by one witness or that the floor felt wet to Mrs. Merrick's hand." Id. at 429.

In Brant, the plaintiff entered the defendant's store on a snowy afternoon. 72 Wn.2d at 447. Brant slipped and fell within 8 to 12 feet of the entrance to the store, and there was evidence that near where the fall occurred, there was tracked-in water on the floor. Id. Brant's brother testified that her clothing was damp, and her husband testified that Brant's coat was soaking wet. Id. However, there was no testimony as to the character of the floor, i.e., whether it was made of wood, concrete, asphalt, tile or some other material. Id. at 448. There was also no testimony that the water rendered such a floor, as then and there existed, slippery or dangerous. Id. Finally, there was no testimony that Brant slipped on anything more than a wet floor, as opposed to debris or other foreign articles. Id. The court affirmed dismissal of Brant's claims. Id. at 452.

Although there is evidence Yamada slipped on a tile floor, there is nevertheless no evidence of the amount of water present, the type of tile, nor the effect of water in a given amount on the safety of the particular floor on which

Yamada slipped.  As a result, Yamada lacks evidence "that water would render such a floor, as then and there existed, slippery or dangerous."  Brant, 72 Wn.2d at 448.  In the absence of evidence that an unsafe condition existed, Yamada's evidence was insufficient to sustain her burden of proof and the trial court correctly granted summary judgment to defendants.

We need not reach any other issues.

Affirmed.

Birk, J.

WE CONCUR:

Coburn, J.          Dwyer, J.