[No. 12347–5–I.   Division One.   June 4, 1984.]

JEFFREY A. JOBE, ET AL, *Appellants,* v. WEYERHAEUSER COMPANY, ET AL, *Respondents.*

*Gould, Russo & Eitreim, Robert B. Gould,* and *Douglas K. Barrett,* for appellants.

*Julian C. Dewell, Bruce Jones, City Attorney, James D. Iles, Assistant, Kenneth O. Eikenberry, Attorney General,* and *J. Lawrence Coniff, Jr., Assistant,* for respondents.

CALLOW, J.—Jeffrey A. Jobe and Cynthia A. Jobe, husband and wife, and Mark J. Jobe and Ann Jobe, husband and wife, appeal an order dismissing their action, pursuant to RCW 8.24, for a private way of necessity over property owned by the State of Washington and the City of Everett. They allege that RCW 8.24 permits a private party to condemn a private way of necessity over publicly owned land; that compliance with the state environmental policy act is not a prerequisite to filing such an action; and that a supplemental affidavit in opposition to summary judgment must be considered by the trial court if filed prior to formal entry of the order.

The Jobes own property surrounding Lost Lake located in the easterly portion of Snohomish County. Approximately ½ mile away from Lost Lake is Lake Chaplain

which is the primary water supply for the City of Everett and southwest Snohomish County, including Edmonds, Mountlake Terrace, and Lynnwood. Access to the Jobes' property is by an existing roadway which serves both as a logging road and a maintenance access roadway to water transmission facilities owned by the City of Everett.

The access road runs in a westerly direction from Lake Roesinger Road, a county road, over several parcels of privately owned land and property owned by the City of Everett toward Lake Chaplain. This portion of the access road is a single compacted roadway approximately 12 feet wide over which the City of Everett has been granted an easement to maintain its water transmission facilities. The City also runs some water transmission lines directly under or immediately parallel to this easement. The City has granted temporary and conditional use of this road to the Jobes for access to their property.

Prior to reaching Lake Chaplain, the access road intersects with a logging road which runs south over privately and State–owned property to the Jobes' property. The State granted a permanent easement over that portion of the 30–foot–wide logging road which traverses the State property to the Jobes' predecessors in title and its successors and assigns. The State–owned property consists of school trust lands.

On March 6, 1981, the Jobes filed a complaint in Snohomish County Superior Court seeking to condemn a private way of necessity over the aforementioned access road for purposes of ingress and egress to their property pursuant to RCW 8.24. The named defendants were those who had interests in the property over which the private way of necessity was sought, including the State of Washington, Department of Natural Resources, and the City of Everett. The Jobes' reason for filing the petition was to obtain a 60–foot–wide easement for access to their property to meet minimum County standards for large tract segregations.

Prior to trial, the State made a CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief could

be granted, and the City moved for a summary judgment in its favor pursuant to CR 56. The trial court granted both motions on March 5, 1982, stating, in part:

The Court having examined the affidavits, exhibits and pleadings, hearing argument of counsel, and being fully advised in the premises, makes the following findings of fact and conclusions of law as to the City of Everett's summary judgment motion in determining that no genuine issue as to material fact exists:

1. There exists no authority authorizing the Plaintiff to condemn City of Everett property pursuant to RCW 8.24 (private way of necessity). This includes both property owned in fee by the City of Everett as well as property in which the City of Everett has an easement interest.
2. The proposed use of the City of Everett access roadway by Plaintiff is inconsistent with the existing public use by the City of Everett. The public interest in the existing access roadway outweighs the private interest.
3. Because of the sensitive nature of the environment in and around the proposed private way of necessity, Plaintiff must comply with the requirements of the State Environmental Policy Act (SEPA) prior to maintaining an action pursuant to RCW 8.24.

FURTHER, the Court makes the following findings of fact and conclusions of law in determining that the Plaintiffs have failed to state a claim against the Defendant, State of Washington Department of Natural Resources, upon which relief can be granted:

1. A private way of necessity cannot be acquired across State lands via condemnation (RCW 8.24).
2. Adverse possession or prescriptive rights does not run against the State lands herein.

Now, Therefore,

IT IS HEREBY ORDERED that the motions of the Defendants, City of Everett and State of Washington Department of Natural Resources, are hereby granted and Plaintiffs' claims against the Defendants, City of Everett and State of Washington Department of Natural Resources, are hereby dismissed with prejudice against the Plaintiffs.

The remaining defendants were voluntarily dismissed with-

out prejudice by stipulation of the parties. The Jobes appeal.

The following issues are presented:

1. Whether a private party may condemn an easement for a private way of necessity across lands owned by the State of Washington or a municipality, pursuant to RCW 8.24;

2. Whether the refusal of the trial court to consider an affidavit filed after its oral ruling granting a summary judgment of dismissal, but prior to formal entry of such order, constitutes reversible error.

We will not consider whether compliance with the requirements of the state environmental policy act is a prerequisite to maintaining a condemnation action pursuant to RCW 8.24 in view of our holding on the other issues.

The *first* issue is whether a private party may condemn an easement for a private way of necessity across lands owned by the State of Washington or a municipality pursuant to RCW 8.24.

The Jobes' claim of a private way of necessity pursuant to RCW 8.24 traverses property owned by the State and the City and runs along an easement granted to the City by various property owners. The Washington State Constitution authorizes the taking of private property for private use under certain circumstances: "Private property shall not be taken for private use, except for private ways of necessity . . .". Const. art. 1, § 16 (amend. 9). "Since the constitutional provision is not self–executing, RCW 8.24 . . . more fully declares the conditions under which private property may be condemned for a 'private way of necessity'." *Brown v. McAnally*, 97 Wn.2d 360, 366, 644 P.2d 1153 (1982). RCW 8.24 states, in part:

> 8.24.010 Condemnation authorized—Private way of necessity defined. An owner, or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity or to construct and maintain any drain, flume or

ditch, on, across, over or through the land of such other, for agricultural, domestic or sanitary purposes, may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity, or for the construction and maintenance of such drain, flume or ditch, as the case may be. The term "private way of necessity," as used in this chapter, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads, logging roads, flumes, canals, ditches, tunnels, tramways and other structures upon, over and through which timber, stone, minerals or other valuable materials and products may be transported and carried.

8.24.030 Procedure for condemnation. The procedure for the condemnation of land for a private way of necessity or for drains, flumes or ditches under the provisions of this chapter shall be the same as that provided for the condemnation of private property by railroad companies, but no private property shall be taken or damaged until the compensation to be made therefor shall have been ascertained and paid as provided in the case of condemnation by railroad companies.

An easement or right of way is "land" which can be condemned under this statute. *State ex rel. Polson Logging Co. v. Superior Court,* 11 Wn.2d 545, 556, 119 P.2d 694 (1941). Hence, "Const. art. 1, § 16 (amend. 9) and RCW 8.24.010 declare a public policy against rendering landlocked property useless." *Brown,* at 367; *see Hellberg v. Coffin Sheep Co.,* 66 Wn.2d 664, 666–67, 404 P.2d 770 (1965).

The parties concede that RCW 8.24 permits a private landowner to condemn private property for a "private way of necessity." The Jobes further contend that RCW 8.24 also permits a private property owner to condemn publicly owned property, *i.e.,* property owned by the State or one of its municipalities. We disagree.

"[T]he power of eminent domain is one of the attributes of sovereignty; and . . . '[l]ands belonging to a State cannot be taken under a general grant of power made by the legislature.'" *King Cy. v. Seattle,* 68 Wn.2d 688, 690, 414 P.2d

1016 (1966) (quoting 2 J. Lewis, *Eminent Domain* § 414, at 746 (3d ed. 1909)).

> The power of eminent domain extends only to the taking of private property, and does not authorize the taking of the property of the state, or of the subordinate municipalities through whose agency the state government is administered. A municipality cannot condemn land belonging to the federal government, nor land belonging to the state, nor other public land, unless expressly authorized to do so by statute.

(Footnotes omitted.) 11 E. McQuillin, *Municipal Corporations* § 32.74 (3d ed. 1983); *see* 26 Am. Jur. 2d *Eminent Domain* § 74 (1966).

Legislation like RCW 8.24, which delegates the condemnation power of eminent domain to private individuals, is strictly construed and is limited to that which is expressly conferred or necessarily implied. *In re Seattle,* 96 Wn.2d 616, 629, 638 P.2d 549 (1981); *Seattle v. State,* 54 Wn.2d 139, 143, 338 P.2d 126 (1959). "Whatever is not plainly given is to be construed as withheld." 1 J. Sackman, *Nichols on Eminent Domain* § 3.213[1] (3d rev. ed. 1981); *see Des Moines v. Hemenway,* 73 Wn.2d 130, 437 P.2d 171 (1968). "[T]he law contemplates the taking of private and not public property, unless the right to take the latter is specifically conferred . . .". *State ex rel. Trimble v. Superior Court,* 31 Wash. 445, 452, 72 P. 89 (1903); *see Seattle & M. Ry. v. State,* 7 Wash. 150, 34 P. 551 (1893). *State ex rel. Cle Elum v. County of Kittitas,* 107 Wash. 326, 328, 181 P. 698 (1919), further noted:

> Property acquired by a municipality which is necessary, or may reasonably be considered necessary in the future, for the use of the municipality in the performance of either its public or private functions, is not subject to condemnation unless that power has been expressly created.

RCW 8.24.010 does not expressly state or necessarily imply that property owned by the State or a municipality can be taken by a private party for a "private way of necessity." In *State ex rel. Polson Logging Co. v. Superior*

*Court, supra* at 554, the court, in considering a statute identical to RCW 8.24.010, stated:

> It is true that there is an absence of statutory authority to condemn state lands for private ways of necessity for the logging of timber lands and the removal of timber therefrom, and that no such power may be implied from any existing statute.

The court in *State ex rel. Polson Logging Co.,* however, did allow the petitioner a private way of necessity over the State lands because an easement had already been granted to a previous private party pursuant to another statute, thereby severing it from the State's fee. Since the easement was privately owned it was subject to condemnation for joint use. We hold that a "private way of necessity" cannot be acquired by a private party across State or municipally owned lands or their easements pursuant to RCW 8.24.

We note that the Jobes did not seek only to obtain a legal means of ingress and egress over the existing road which traverses State and City owned property, *i.e.,* a mere right of passage over land. *See Brown,* at 367. They also sought to expand the existing road to a width of 60 feet to comply with county standards for private roads serving large tract segregations so they could develop their property. The Jobes wish to build private residences on their properties for their use and the use of guests.

■ Although one otherwise entitled to a private way of necessity may condemn an existing private way,

> in such cases the joint use of the private way of necessity must not differ from and must not be incompatible with the use to which it is already being put by the condemnees. In short, it must neither impair nor destroy full use of the existing road by the condemnees.

*Brown,* at 368. The uncontroverted affidavit of the City indicates that the existing road passes directly over water transmission lines of the City, one of which is no more than 4 feet below the surface of the ground. A widening of the existing road would cause the road to go directly over another water transmission line constructed of wood. Con-

struction of the Jobes' proposed private way of necessity could impair or destroy full use of the easement held by the City.

 The Jobes' proposed easement for ingress and egress to their property for purposes of developing their property for use by themselves and their guests would give them more than a private way of necessity as contemplated by Const. art. 1, § 16 (amend. 9).

> It must be borne in mind that RCW 8.24 authorizes a *limited* private condemnation proceeding in which the private property rights of one are taken for the benefit of another. The taking is limited to necessary ingress and egress only. It is not extended to those necessities that may be created by the contemplation of a future real estate subdivision development. There is, after all, a constitutional right to the protection of one's property that must not be lightly regarded or swept away merely to serve the convenience or advantage of a stranger to the property.

*Brown*, at 370. The Jobes already have legal access to their property over the State land by virtue of the 30–foot–wide permanent easement granted to their predecessors in interest. Any attempt to expand such easement must be pursuant to RCW 79.01.414 which states:

> The department of natural resources may grant to any person such easements and rights in state lands or state forest lands as the applicant applying therefor may acquire in privately owned lands through proceedings in eminent domain. No grant shall be made under this section until such time as the full market value of the estate or interest granted together with damages to all remaining property of the state of Washington has been ascertained and safely secured to the state.

We hold that the trial court properly dismissed the Jobes' action.

The *second* issue, incidental to the disposition of this case, is whether the refusal of the trial court to consider an affidavit filed after its oral ruling granting a summary judgment, but prior to formal entry of such order constituted reversible error.

The trial court orally granted the City's motion for a summary judgment of dismissal on February 18, 1982. On March 3, 1982, the Jobes filed the supplemental affidavit of Cynthia Jobe in opposition to the City's motion for summary judgment. The City received a copy of such affidavit on that same day. On March 5, 1982, the trial court entered an order denying entry of the supplemental affidavit into the record for purposes of its summary judgment of dismissal, but made the affidavit a part of the record for purposes of appeal. The trial court then immediately entered its formal order granting the City's motion for a summary judgment dismissal and the State's CR 12(b)(6) motion to dismiss.

The Jobes contend that the trial court's failure to consider the supplemental affidavit as part of the record prior to formal entry of the summary judgment of dismissal constituted reversible error. *Cofer v. County of Pierce,* 8 Wn. App. 258, 261, 505 P.2d 476 (1973), stated:

> Until a formal order granting or denying the motion for summary judgment is entered, a party may file affidavits to assist the court in determining the existence of an issue of material fact.

*See Felsman v. Kessler,* 2 Wn. App. 493, 498, 468 P.2d 691 (1970).

"In reviewing a motion for summary judgment an appellate court engages in the same inquiry as the trial court." *Blenheim v. Dawson & Hall, Ltd.,* 35 Wn. App. 435, 439, 667 P.2d 125 (1983); *see Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982). We therefore consider the same record as that considered by the trial court. In any event, the supplemental affidavit did not change or contradict any of the factual matters before the trial court so as to raise an issue of material fact. Her affidavit did little more than present facts relevant to the issue of incompatibility which had already been raised by the affidavit of Jeff Jobe. Moreover, the affidavit was immaterial to the issue as to whether the Jobes could utilize RCW 8.24 to condemn a private way of necessity over State and municipally owned property.

The parties thus had a full and fair opportunity to develop the facts relevant to the trial court's decision. *See Bernal v. American Honda Motor Co.,* 87 Wn.2d 406, 414, 553 P.2d 107 (1976). The action of the trial court was appropriate.

The order of the trial court dismissing the claims of the appellants against the City of Everett and the State of Washington, Department of Natural Resources, is affirmed.

DURHAM, C.J., and RINGOLD, J., concur.

Review denied by Supreme Court August 10, 1984.