[No. 17137–2–I.   Division One.   July 20, 1987.]

THEODORE F. BROWN, *Appellant*, v. PEOPLES MORTGAGE
COMPANY, *Respondent.*

*James F. McAteer* and *Schwabe, Williamson, Wyatt &*
*Lenihan,* for appellant.

*Philip E. Cutler, Philip A. Talmadge,* and *Karr, Tuttle,*
*Koch, Campbell, Mawer, Morrow & Sax,* for respondent.

WEBSTER, J.—Theodore F. Brown and Park Place Homes
Realty, Inc., of which Brown is the sole stockholder (collec-
tively referred to as "Brown"), brought an action against
Peoples Mortgage Company for wrongful interference with

landlord/tenant relations, breach of agreement, defamation, and violations of the Consumer Protection Act. The trial court granted in part Peoples' motion for summary judgment and dismissed the bulk of Brown's claims. Brown appeals, disputing the enforceability of preforeclosure collection–of–rent provisions in mortgages and deeds of trust entered into prior to 1969. However, we do not reach this issue because Brown's affidavit has failed to raise any factual issues regarding damages. We affirm.

## FACTS

At the time this dispute arose, Peoples was servicing six loans made to Brown. The six loans were secured by mortgages on four parcels of real estate and by deeds of trust on two other parcels. The six parcels of property are residences that Brown leases to third parties. All of the agreements and deeds were entered into prior to 1969 and all are on standard FHA forms.

The four mortgages contained collection–of–rent provisions that differed only in the percentage of rent that the mortgagee could retain as compensation for making the collections. Those provisions authorized the mortgagee, in the event of default, to collect rents and apply the money received to the delinquent amounts due, regardless of whether a foreclosure had been elected. They read as follows:

> [I]f there is a default, regardless of whether or not the mortgagee elects to foreclose this mortgage, the mortgagee may collect all rents which may become due on the above property, deduct therefrom any necessary operating expenses and [a stated percentage] of the gross rents collected as compensation for making the collections, and apply the remainder on the balance due on the mortgage.

The following provisions are found in both deeds of trust:

> Grantor hereby irrevocably grants, bargains, sells and conveys to Trustee in trust, with power of sale, the following described property in King County, Washington:
> * * *
> Together with all the tenements, hereditaments, and

appurtenances now or hereafter thereunto belonging or in anywise appertaining, and the rents, issues and profits thereof.

\* \* \*

. . . The collection of rents, issues, and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

In May 1984 Brown was delinquent in the payment of three monthly installments on each of the six loans. On May 30, Peoples sent the following letter:

Occupant
5750 28th Avenue N.E.
Seattle, WA 98115
Re: PMC 9460809

This letter is to inform you we are in the process of acquiring title to the above property for the holder of the Note and Deed of Trust or Mortgage. All rental payments now due and in the future should be made out to Peoples Mortgage Company and mailed to my attention. Please show the above loan number on your check or money order.

Once the foreclosure sale has been scheduled, you will be given sufficient notice to vacate the property.

Very truly yours,
[signed] Glenora Etsell
Loan Servicing Officer

In his affidavit Brown claims that he was present at a deposition in which the signator of the letter stated that she sent the same letter to the occupants of all six properties involved in this litigation. However, a transcript of that deposition was not made part of the record.

On the same day that the collection–of–rent letter was sent, Brown paid Peoples the delinquent amounts owed on the six loans. Two months later the occupant of one of the properties tendered Peoples $460. Peoples applied that sum to the amounts then delinquent, together with interest and late charges, and returned the balance to Brown.

Thereafter, Brown brought this action claiming that Peoples' action in sending this letter constituted wrongful interference with Brown's landlord/tenant relationship with the occupants of these properties; breach of the terms of the loan agreements, notes, mortgages or deeds of trust on the subject properties; defamation against Brown; and an unfair and deceptive act and practice under the Consumer Protection Act. Peoples denied the charging allegations of the complaint.

Counsel argued Peoples' motion for summary judgment on the morning of July 23, 1985. At that time, Brown had submitted only one affidavit in support of his claims. In it, he claimed:

> 3.3 The receipt of the rent intercept letter by my tenants at the six properties caused me great embarrassment, humiliation, ridicule, upset, and economic loss. It severely disrupted by [sic] business. I have been severely damaged. Time which needed to be devoted to other business activities had to be given to straightening out the damage done by defendant.

> 3.4 During June 1984, my tenants told me about their receipt of the letter. I had great difficulty collecting rent on these properties and lost a considerable amount of rent.

The trial judge deferred ruling on summary judgment, and later in the day Brown submitted a supplemental affidavit. The trial judge granted Peoples' motion to strike Brown's supplemental affidavit. She held:

> I agree with [counsel for Peoples] that the court's decision to defer a ruling on the Motion was based on its need to review the material *previously* received to determine, *inter alia,* whether a factual issue existed as to damages, if any. It was not an invitation to submit further affidavits. Counsel is also correct that the affidavit is replete with hearsay and matters not necessary or relevant to the issues at hand.

The court then granted in part Peoples' motion for summary judgment; it dismissed all of Brown's claims except the claim that Peoples had assessed excessive late charges. From that judgment, Brown appeals.

558

RECORD ON REVIEW OF SUMMARY JUDGMENT

Each of the claims made by Brown requires proof of damages. *See Bender v. Seattle,* 99 Wn.2d 582, 599, 664 P.2d 492 (1983) (defamation); *Cherberg v. Peoples Nat'l Bank,* 88 Wn.2d 595, 564 P.2d 1137 (1977) (tortious interference with contractual relationship); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780, 719 P.2d 531 (1986) (Consumer Protection Act violations). We find Brown has failed to raise any factual issues regarding damages.

In his first affidavit in opposition to Peoples' motion for summary judgment, Brown makes only broad, conclusory statements concerning the damages he suffered; in essence he rests upon the allegations contained in his complaint. However, "[a] party seeking to avoid summary judgment cannot simply rest upon the allegations of his pleadings, he must affirmatively present the factual evidence upon which he relies." *Mackey v. Graham,* 99 Wn.2d 572, 576, 663 P.2d 490 (1983). Brown sought to cure this defect by submitting a supplemental affidavit in which he detailed the damages he sustained. Brown contends that the trial court erred when it rejected this affidavit.

King County Local Rule 56(c)(1)[1] provides that a

---

[1]King County LR 56(c)(1) provides, in part, as follows:

"(1) Procedure.

"(A) Filing; Response; Time for Filing. Motions for summary judgment or other relief under Civil Rule 56, and supporting briefs, affidavits, references to deposition testimony relied upon, form of judgment and any other relevant material must be filed with the Court at least fourteen (14) calendar days before the time noted for the hearing. Copies of the motion together with all supporting documents including affidavits must be served upon all parties and on the King County Superior Court Civil Motions Coordinator at least 14 calendar days before the time noted for the hearing. *The responding party must file and serve the response, including any cross-motion and all relevant materials on all parties and on the Civil Motions Coordinator at least seven (7) calendar days before the hearing.* The moving party must file and serve any rebuttal material on all parties and on the Civil Motions Coordinator no later than noon of the court day prior to the hearing.

"(B) Late Filing—Terms. Any material offered at a time later than required by this rule, over objection of counsel, will not be accepted or considered by the

responding party must file affidavits in opposition to the motion for summary judgment at least 7 calendar days before the hearing. This provision should be read in conjunction with CR 6(d) which invests in the court the power to permit opposing affidavits "to be served at some other time." *See* 6 J. Moore, *Federal Practice* § 56.14, at 56–358 (2d ed. 1987). Additionally, the court in its discretion is permitted under CR 6(b) to allow late filing of affidavits where the failure to act was the result of excusable neglect.[2]

Although the trial court may accept affidavits anytime prior to issuing its final order on summary judgment, *Felsman v. Kessler*, 2 Wn. App. 493, 498, 468 P.2d 691, *review denied*, 78 Wn.2d 994 (1970), whether to accept or reject untimely filed affidavits lies within the trial court's discretion. *See Jobe v. Weyerhaeuser Co.*, 37 Wn. App. 718, 684 P.2d 719, *review denied*, 102 Wn.2d 1005 (1984). In *Jobe* the trial court declined to consider an affidavit submitted after an oral ruling on summary judgment, but prior to entry of a formal order. In affirming, the appellate court held that it would consider only the record considered by the trial court. *Jobe*, at 727–28. The inference that may be drawn from *Jobe*, therefore, is that a trial court has discretion to reject an affidavit submitted after the motion has been heard. *See also Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985) (a district

---

Court except upon the imposition of appropriate terms." (Italics ours.) *See also* CR 56(c).

[2]CR 6 provides in part:

"(b) **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect . . .
". . .

"(d) **For Motions—Affidavits.** . . . When a motion is supported by affidavit, the affidavit shall be served with the motion; . . . opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."

court's refusal to accept a late affidavit is reviewable only for abuse of discretion); *Beaufort Concrete Co. v. Atlantic States Constr. Co.*, 352 F.2d 460, 462 (5th Cir. 1965) (permission to file opposing affidavits on the day of hearing should be declined where the opponent fails to show that the failure to make a timely filing was the result of excusable neglect), *cert. denied,* 384 U.S. 1004 (1966). *Contra, Cofer v. County of Pierce,* 8 Wn. App. 258, 261, 505 P.2d 476 (1973) (where the court stated that "it is not desirable to file affidavits after argument is heard on the motion, but it is a party's right to do so").[3]

We find no abuse of discretion in the trial court's rejection of Brown's untimely affidavit. All the occurrences to which Brown testified in his supplemental affidavit occurred well before the suit was originally brought. Therefore, Brown had no excuse for failing to address the issues in prior materials submitted to the court. Moreover, the affidavit contains improper conclusory statements.

Having decided that the trial court did not abuse its discretion in rejecting Brown's supplemental affidavit, we consider the same record as that considered by the trial court. *Jobe,* at 727. As noted above, Brown's first affidavit failed to raise any factual issues regarding damages. Therefore, the partial summary judgment was proper, and we affirm the trial court.

RINGOLD, A.C.J., and GROSSE, J., concur.

Reconsideration denied September 22, 1987.

---

[3]It could be argued that *Cofer* demands a contrary result. However, we note that unlike Brown's supplemental affidavit, the affidavit in *Cofer* was submitted for the purpose of obtaining a continuance based on the nonavailability of a material witness. *Cofer,* at 262. *See* CR 56(f). Thus, the *Cofer* court should have accepted the affidavit for the purpose of determining whether it sets forth good reasons to grant the continuance available under CR 56(f). *See Cofer,* at 262–63.