124 P.3d 279 (2005)
156 Wash.2d 53
In the Matter of the Recall of Sam REED, Secretary of State for the State of Washington, Respondent.
No. 76758-1.
Supreme Court of Washington.
Considered November 3, 2005.
Decided December 1, 2005.
*280 Linda Jordan, Martin D. Ringhofer, Seattle, for Petitioner/Appellant.
Jeffrey Todd Even, Office of The Attorney General, Brian Edwin Buchholz, Attorney at Law, Olympia, for Appellee/Respondent.
En Banc.
PER CURIAM.
¶ 1 Appellants Martin D. Ringhofer and Linda Jordan seek direct review of the Thurston County Superior Court's ruling that their recall petition was factually and legal insufficient. For reasons that follow, we affirm the trial court.

I. FACTS AND PROCEDURAL HISTORY
¶ 2 Appellant Ringhofer submitted a statement of charges on January 19, 2005 with the Office of the Secretary of State seeking the recall of Secretary of State Sam Reed. On January 24, 2005, appellant Linda Jordan filed supplemental charging materials with the secretary of state. Appellants set forth nine charges that allege a basis for recall of Secretary Reed. Clerk's Papers (CP) at 13-15. The recall charges all relate to the 2004 election for governor of the state of Washington.[1]
¶ 3 The secretary's office promptly transmitted both documents to the attorney general to prepare a ballot synopsis pursuant to RCW 29A.56.120. The attorney general reviewed the charges in the statement and supporting documents, promptly prepared a ballot synopsis, and filed a petition with Thurston County Superior Court to determine the sufficiency of the charges pursuant to RCW 29A.56.130. The statement of charges and supplemental materials were appended to the petition.
¶ 4 The matter came before the trial court on February 14, 2005, for the purpose of determining the sufficiency of the recall and the adequacy of the ballot synopsis. The trial court heard arguments from both parties but declined to accept additional filings from the appellants, considering such filings untimely. Verbatim Report of Proceedings (VRP) at 25-27.
¶ 5 In an order issued the day of the hearing, the trial court found the statement of charges submitted by the appellants "factually and/or legally insufficient" to support the proposed recall of Secretary Reed. CP at 325. Accordingly, the trial court held that the determination of the adequacy of the ballot synopsis was moot and issued an order holding that the proposal to recall Secretary Reed could not proceed. Id.
¶ 6 In its memorandum opinion accompanying the order, the trial court concluded that charges one through six merely alleged "voting irregularities in King County." CP at 320. Assuming the truth of the facts alleged, the trial court concluded there were no specific allegations as to facts showing wrongdoing by Secretary Reed and that the charges were thereby factually insufficient. Id. The trial court ruled that charges seven *281 and eight were both legally and factually insufficient, CP at 320-21, and that charge nine was legally insufficient. CP at 321-22.
¶ 7 Appellants filed a notice of direct review with this court.

II. ANALYSIS
¶ 8 Because the court has very recently decided a recall case, extended analysis of our laws concerning the right of recall and the recall process is not repeated here. See In re Recall of West, 155 Wash.2d 659, 121 P.3d 1190 (2005). The Washington Constitution provides that the citizens of this state may seek the removal of a public official from his/her duly elected office before his/her term expires through a recall election. CONST. art. I, §§ 33-34; In re Recall of Kast, 144 Wash.2d 807, 812, 31 P.3d 677 (2001); In re Recall of Pearsall-Stipek, 141 Wash.2d 756, 764, 10 P.3d 1034 (2000). The process for initiating a recall election is detailed in chapter 29A.56 RCW, and RCW 29A.56.110 further defines the constitutional grounds on which a public official may be recalled from public office.
¶ 9 A public official may be recalled for acts of malfeasance, misfeasance, or violations of his/her oath of office. Misfeasance and malfeasance may both be defined as "wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29A.56.110(1). Misfeasance may also be defined as "performance of a duty in an improper manner." RCW 29A.56.110(1)(a). In contrast, malfeasance may also be defined as "the commission of an unlawful act." RCW 29A.56.110(1)(b). Finally, a violation of the oath of office will include "the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(2).
¶ 10 We have recognized that the legislature has provided this recall procedure with the effect that public officials are protected from petitions based on frivolous charges. Kast, 144 Wash.2d at 812-13, 31 P.3d 677; Chandler v. Otto, 103 Wash.2d 268, 274, 693 P.2d 71 (1984). The role of the courts in the recall process is very limited. West, 155 Wash.2d at 662, 121 P.3d at 1192. It is for the voters and not the courts to decide whether the alleged facts are true or not. Id. Accordingly, our role is limited to ensuring that only legally and factually sufficient charges go to the voters.

A. Sufficiency of the Recall Charges

1. Charges One through Six

¶ 11 Assuming the truth of facts alleged in charges one through six, the charges themselves allege no conduct directly on the part of Secretary Reed. Instead, those charges relate entirely to actions by King County elections officials. The appellants merely argue Secretary Reed should have been aware of such conduct after the fact.
¶ 12 Charges in a recall action must be both factually and legally sufficient. In re Recall of Lee, 122 Wash.2d 613, 616, 859 P.2d 1244 (1993). As to factual sufficiency, the court must inquire into whether the charges state, in detail, the acts complained of, as well as whether they demonstrate that the petitioner knows of identifiable facts that support the charge. Pearsall-Stipek, 141 Wash.2d at 765, 10 P.3d 1034. Factual sufficiency is determined from the face of the statement of charges, In re Recall of Carey, 132 Wash.2d 525, 527, 939 P.2d 1221 (1997), but courts may consider supporting documentation to determine whether the charges are factually sufficient. West, 155 Wash.2d at 663, 121 P.3d at 1193.
¶ 13 The recall statutes do not require the petitioner to have firsthand knowledge, but they do require the petitioner have some form of knowledge more than simply a belief that the charges are true. In re Recall of Ackerson, 143 Wash.2d 366, 373, 20 P.3d 930 (2001); Lee, 122 Wash.2d at 617, 859 P.2d 1244. Appellants' materials explaining the authorities upon which the charges relyconsisting of newspaper accounts and press releasesare not per se insufficient to show some form of knowledge of the facts underlying the charges. West, 155 Wash.2d at 663, 121 P.3d at 1194.
¶ 14 However, this court has noted that there is "no authority for the proposition that a public official may be recalled for the act of *282 a subordinate done without the official's knowledge or direction." In re Recall of Morrisette, 110 Wash.2d 933, 936, 756 P.2d 1318 (1988). This conclusion reflects an underlying premise that an official cannot be held responsible for conduct beyond his knowledge or ability to direct.
¶ 15 In light of the foregoing case, appellants' contention here is unsupportable. In King County, the elected county executive appoints the county election officer. King County Charter 320.10 (election of county executive), 920.20.40 (establishment of election office). There is no authority for the proposition that a public official may be recalled for the past conduct of a wholly separate governmental agency. A conclusion to the contrary would run counter to the reasoning of this court in Morrisette, 110 Wash.2d 933, 756 P.2d 1318.

2. Charge Seven

¶ 16 Charge seven alleges that Secretary Reed accepted final election returns from several counties even though they lacked material required by regulations. As noted above, charges in a recall action must be both factually and legally sufficient. Lee, 122 Wash.2d at 616, 859 P.2d 1244. Legal sufficiency requires the petitioner to allege a prima facie case of misfeasance, malfeasance, or violation of the oath of office, without justification. In re Recall of Feetham, 149 Wash.2d 860, 865, 72 P.3d 741 (2003).[2] Further, under the legally sufficiency requirement an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law. Kast, 144 Wash.2d at 815, 31 P.3d 677; Chandler, 103 Wash.2d at 274, 693 P.2d 71.
¶ 17 Here, although appellants alleged that Secretary Reed wrongly accepted final election returns from counties without required materials before the trial court, they do not repeat those allegations on appeal and appear to have abandoned them. See Appellants' Br. at 7. Nonetheless, appellants' petition contends that Secretary Reed failed to receive "written narratives" from any Washington county reconciling election errors prior to his certification of the governor's election. Id. Appellants quote a public records request citing WAC 434-262-080 through -100 but otherwise offer no further specific factual arguments or any legal arguments in furtherance of this allegation. Id. The cited administrative rules involve errors identified by a canvassing board in reviewing election results submitted to it by the auditor for certification within the context of a particular count. Those rules do not involve discrepancies between an earlier count and a recount. Because appellants do not provide any reason why "written narratives" were required for inclusion in materials certified to the secretary of state, charge seven is legally insufficient.

3. Charge Eight

¶ 18 Charge eight relies upon a statute that grants the secretary of state administrative rule making authority (former RCW 29A.04.610 (2004)),[3] asserting that Secretary Reed failed to perform "many of the duties detailed therein." CP at 14.[4] The charge is ambiguous in that it could be read as either asserting Secretary Reed had a duty to perform certain acts but failed to perform that duty or that Secretary Reed should have adopted appropriate administrative rules but did not.
¶ 19 Former RCW 29A.04.610 conferred rule making authority upon the secretary of state to make reasonable election rules to effectuate election laws and facilitate their operation. Appellants fail to provide any legal analysis supporting any failure of Secretary Reed to act in accordance with the *283 statute. Appellants offer no reason why the allegations contained in the charge show violations of a legal duty. Accordingly, charge eight is legally insufficient.

4. Charge Nine

¶ 20 Charge nine asserts that Secretary Reed failed to withhold certification of the manual recount of votes in the governor's election.
¶ 21 State law requires that the canvassing boards of each county certify the results of the votes cast in their respective counties. RCW 29A.60.190. The county canvassing boards are charged by law with the duty to "verify the results from the precincts and the absentee ballots." RCW 29A.60.200. By contrast, the secretary of state's statutory duties are limited to compiling county election returns on a statewide basis. RCW 29A.60.250. See also WAC 434-262-100.
¶ 22 More fundamentally, the state constitution imposes upon the secretary of state a ministerial duty to certify the returns as submitted by the counties. Thus, the secretary of state has a constitutional duty to deliver the counties' respective returns to the speaker of the house. In light of the constitution's mandatory provisions, appellants' charge nine would require Secretary Reed to disregard a constitutional duty. Thus, charge nine is legally insufficient.

B. Untimely Pleadings

¶ 23 Appellants also contend that the trial court erred in excluding documents to be used in support of their statement of charges at the February 14, 2005 hearing on the merits. The court excluded the materials on the grounds of both untimeliness and relevance. VRP at 24-27.
¶ 24 As an initial matter, the question of whether to accept untimely documents for filing rests within the sound discretion of the trial court. Garza v. McCain Foods, Inc., 124 Wash.App. 908, 917-18, 103 P.3d 848 (2004); Brown v. Peoples Mortgage Co., 48 Wash.App. 554, 559, 739 P.2d 1188 (1987).[5]
¶ 25 Moreover, local rules required that reply briefs and materials be filed in advance of the hearing. LCR 5(b)(1) (Local Court Rules of Thurston County Superior Court). Appellants, however, did not turn in their materials until approximately one hour prior to the February 14, 2005 hearing. The hearing had originally been scheduled for February 7, at which time appellants submitted untimely materials to the court. VRP at 22; CP at 93-136 (documents filed on day of February 7 hearing). Appellants cite no sufficient reason for the untimely filings for the February 14 hearing. See Appellants Br. at 15. Therefore, the trial court acted within its discretion in declining to accept appellants' untimely filings.

III. CONCLUSION
¶ 26 Through its highly limited role in the recall process, this court is bound by the constitution to ensure that legally and factually sufficient recall charges go to the voters. Because the charges here are not legally and factually sufficient, we affirm.
NOTES
[1] This court has already issued opinions pertaining to other aspects of the 2004 governor's election. See McDonald v. Reed, 153 Wash.2d 201, 103 P.3d 722 (2004); Wash. State Republican Party v. King County Div. of Records, Elections & Licensing Servs., 153 Wash.2d 220, 103 P.3d 725 (2004). See also Wash. State Supreme Ct. Order, King County Records, Elections & Licensing Servs. Div. v. Wash. State Democratic Cent. Comm., No. 77298-3 (Sept. 16, 2005) (granting stipulated motion for voluntary dismissal).
[2] The requirement of legal sufficiency protects an elected official from being subjected to the burden of a recall election grounded on frivolous charges. Teaford v. Howard, 104 Wash.2d 580, 584, 707 P.2d 1327 (1985); Chandler, 103 Wash.2d at 272, 693 P.2d 71.
[3] Repealed by LAWS OF 2004, ch. 271, § 193, without cognizance of its amendment by LAWS OF 2004, ch. 267, § 702. RCW 29A.04.611, adopted by LAWS OF 2004, ch. 271, § 151 largely mirrors the prior statute.
[4] Appellants enumerated a nonexclusive list of nine duties that Secretary Reed failed to perform. CP at 14.
[5] As this court has recently noted, "we may consider supporting documentation to determine whether the charges are factually sufficient." West, 155 Wash.2d at 663, 121 P.3d at 1192 (emphasis added).