257 P.3d 565 (2011)
171 Wash.2d 771
In the Matter of the Petition for Recall of Rick HEIBERG, Town of Coulee City Mayor.
No. 85360-6.
Supreme Court of Washington, En Banc.
Considered March 31, 2011.
Decided June 9, 2011.
*567 Russell John Speidel, Speidel Law Firm, David Joel Bentsen, Attorney at Law, Wenatchee, WA, for Appellant.
D. Angus Lee, Dalton Lee Pence, Grant County Prosecutor's Office, Ephrata, WA, for Respondent.
OWENS, J.
¶ 1 This case concerns a recall petition filed against the mayor of the town of Coulee City, Rick Heiberg. When filed, the petition contained 11 charges. The superior court determined that only two of those charges were both factually and legally sufficient to support a recall election. Because we find that those two remaining charges are factually insufficient, we reverse the decision of the superior court.

FACTS
¶ 2 On September 23, 2010, Jennifer Schwartz, a former member of the Coulee City Council, and Lorna Pearce, the former city clerk for the town of Coulee City, filed a petition to recall Mayor Heiberg. The petition included 11 charges supporting the recall of Mayor Heiberg, who had taken office approximately nine and a half months earlier, on January 13, 2010. Only two of those charges are at issue on appeal.
¶ 3 The first charge (Charge One) alleges that Mayor Heiberg purchased a truck for the town without first obtaining approval of the town council or requesting bids, as required by state law and town ordinance. Mayor Heiberg admits the substance of this charge and concedes that, on August 25, 2010, he purchased a 2001 Chevrolet Silverado truck for $15,000, for which he issued a warrant drawing on city funds. At the time, the town's 2010 July report indicated that the town's equipment reserve fund had a balance of $15,155.87, which Mayor Heiberg believed was available for the purchase of the truck. Sometime after August 25, 2010, Mayor Heiberg learned that he did not follow proper purchasing procedures, and, on September 8, 2010, he sought the town council's approval. Though the members who were present voted two-to-one in favor of approval of the expenditure, amendments to the town's budget required three affirmative votes. When the matter was put before the council at a special meeting called on September 22, 2010, the town council voted four-to-one against approval. The next day, Mayor Heiberg wrote a personal check to the town, reimbursing it for the purchase price of the truck, and took personal possession of the vehicle.
¶ 4 The second charge relevant on appeal, which was the fifth charge in the petition for recall (Charge Five), alleges that Mayor Heiberg authorized the destruction of a resolution that called for a vote of no confidence in him. At a July 14, 2010, meeting of the Coulee City Town Council, council member Scott Roberts amended the agenda to include consideration of a resolution expressing no confidence in the mayor and calling for his resignation. Council member Roberts distributed copies of the resolution to the mayor and other council members at the meeting. Ultimately, no vote was taken on the resolution. Two months later, Otto Jensen, the former mayor of Coulee City, submitted a public records request to the city clerk of Coulee City, requesting council packets for the months of July, August, and September 2010. A copy of the no confidence resolution was not included.
¶ 5 On October 15, 2010, Grant County Superior Court held a hearing to determine the sufficiency of the charges and the adequacy of the ballot synopsis. At that hearing, the court orally ruled that only Charge One and Charge Five were both factually and legally sufficient to support a recall petition and that the other nine charges were insufficient. With the agreement of the parties, the court continued the matter to October 29 and indicated that the parties were free to file motions for reconsideration in the meantime. On October 25, Mayor Heiberg moved for reconsideration of the court's determination that Charges One and Five were legally and factually sufficient. The court denied that motion on November 5, 2010, and continued the case for presentation of the order. The court signed the order, finally determining the sufficiency of the two charges and the adequacy of the ballot synopsis on November 18, 2010. On November *568 23, 2010, Mayor Heiberg appealed the superior court's decision to this court pursuant to RCW 29A.56.270.
¶ 6 On April 1, 2011, we issued a brief order reversing the trial court's determination that the two charges were legally and factually sufficient. This opinion explains our conclusion.

ANALYSIS
¶ 7 The right to recall elected officials is guaranteed by article I, sections 33 and 34 of the Washington Constitution. This constitutional guaranty is implemented by chapter 29A.56 RCW. In brief, any legal voter may initiate a recall election by preparing a typewritten charge, naming the officer and the acts of misfeasance, malfeasance, or violation of the oath of office that constitute the basis of the recall. RCW 29A.56.110. The voter then files the charge, and the appropriate state officer prepares a ballot synopsis. RCW 29A.56.120-.130. The superior court conducts a hearing to determine the adequacy of the charges and the ballot synopsis. RCW 29A.56.140. At this hearing, the court plays the limited role of ensuring "that the people's representatives are not subject to frivolous or unfounded charges." In re Recall Charges Against Butler-Wall, 162 Wash.2d 501, 508, 173 P.3d 265 (2007). This court has revisory jurisdiction over the decisions of superior courts in recall cases, RCW 29A.56.270, and reviews the superior court's decision de novo, In re Recall of West, 155 Wash.2d 659, 663, 121 P.3d 1190 (2005) (West I).

I. Timeliness of Appeal
¶ 8 The first issue that confronts us is whether Mayor Heiberg's appeal is timely. Under RCW 29A.56.270, "[a]ppellate review of a decision of any superior court shall be begun and perfected within fifteen days after its decision in a recall election case." Mayor Heiberg filed his appeal 5 days after the superior court entered its written order but 39 days after the court's oral determination of the sufficiency of the charges. Whether an action by a court is a "decision," as that term is used in chapter 29A.56 RCW, depends on whether the issuing court intended that action to be the "operative act." In re Recall of West, 156 Wash.2d 244, 251-52, 126 P.3d 798 (2006). In the present case, the operative act was clearly the court's November 18, 2010, order. The superior court's October 15, 2010, oral ruling expressly continued the matter and invited motions for reconsideration. Further, that oral ruling did not address the adequacy of the ballot synopsis. From these facts, it is clear that the superior court did not intend for its October 15, 2010, oral ruling to be the operative act. Instead, the November 18, 2010, order was intended to be the operative act and, therefore, was the "decision" for purposes of RCW 29A.56.270 from which Mayor Heiberg had 15 days to appeal. The appeal was thus timely.

II. Legal and Factual Sufficiency
¶ 9 Though the Washington Constitution guarantees to voters the right to recall elected officials, a recall must be for cause. Wash. Const. art. I, § 33; RCW 29A.56.110; Chandler v. Otto, 103 Wash.2d 268, 274, 693 P.2d 71 (1984). Specifically, the recall petition must allege that the official committed an act of misfeasance or malfeasance or violated the oath of office. RCW 29A.56.110. Courts "perform a limited gatekeeping function in the recall process," determining only whether the charges are both legally and factually sufficient. In re Recall of Pearsall-Stipek, 141 Wash.2d 756, 764, 10 P.3d 1034 (2000) (Pearsall-Stipek III).
¶ 10 In order to be legally sufficient, the court must conclude that the actions alleged make out a prima facie case of malfeasance, misfeasance, or violation of the oath of office. In re Recall of Reed, 156 Wash.2d 53, 59, 124 P.3d 279 (2005). Malfeasance in office is defined as either (1) "wrongful conduct that affects, interrupts, or interferes with the performance of official duty" or (2) "the commission of an unlawful act." RCW 29A.56.110(1)(b); Pearsall-Stipek III, 141 Wash.2d at 768, 10 P.3d 1034 (holding that these prongs "are distinct statutory definitions").
¶ 11 "To be factually sufficient, a petition must state in detail the acts complained *569 of, and the petitioners must have knowledge of identifiable facts which support the charges." In re Recall of Sandhaus, 134 Wash.2d 662, 668, 953 P.2d 82 (1998). Where the petition alleges that the official committed an unlawful act, factual sufficiency also requires that the petition contain a factual basis for both the proposition that the official intended to commit the act and "that the official intended to act unlawfully." In re Recall of Pearsall-Stipek, 136 Wash.2d 255, 263, 961 P.2d 343 (1998).
¶ 12 We reject one of Mayor Heiberg's arguments at the outset. Though a petition for recall must allege that the official "has committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated the oath of office," RCW 29A.56.110, this does not require that recall petitioners use the specific terms "misfeasance," "malfeasance," or "violation of the oath of office" in the petition. Insistence on talismanic invocation of such terms would be contrary to our well-established principle that "[t]echnical violations of the governing statutes are not fatal so long as the charges, read as a whole, give the elected official enough information to respond to the charges and the voters enough information to evaluate them." West I, 155 Wash.2d at 663, 121 P.3d 1190. Recall petitioners must include in the petition a description of the action that constitutes malfeasance, misfeasance, or violation of the oath of office, but need not employ technical legal terms in doing so.

1. Charge One  Purchase of the Pickup Truck
¶ 13 Charge One, which alleges that Mayor Heiberg violated the law by purchasing a pickup truck for the city without calling for bids or obtaining the approval of the town council, is factually insufficient to justify a recall petition. As set forth above, where a recall petition is based on violation of the law, factual sufficiency requires a factual basis for the proposition that the elected official intended to violate the law. Such a factual basis is absent here.
¶ 14 Intent to violate the law may be inferred from the circumstances. The inference must not, however, be "too conjectural." In re Recall of Ackerson, 143 Wash.2d 366, 373, 20 P.3d 930 (2001). In Sandhaus, specific warnings that additional spending would exceed the office budget in violation of state law were held to be sufficient to establish the requisite intent to violate the law. 134 Wash.2d at 665, 671, 953 P.2d 82.
¶ 15 At the time that Mayor Heiberg purchased the truck, he had only held the office for approximately eight months. In making the purchase, he relied on his understanding, albeit an incorrect understanding, that the entire $15,155.87 balance in the town's equipment reserve fund was available to purchase the truck. Further, upon discovering that his actions had been improper, Mayor Heiberg promptly set out to cure his error, first by seeking ratification by the town council and, failing that, by fully reimbursing the town. In light of these facts, the mayor's improper purchase of the truck bears all the hallmarks of a simple mistake, not an intent to violate the law. Though Pearce and Schwartz adduced evidence that Heiberg had attended a training program for elected officials prior to taking office in January 2010, the record contains no indication that the training included instruction on purchasing policies. Nor does his prior service on the town's planning board provide factual support for the charge that Mayor Heiberg intended to violate the law.
¶ 16 Because there is no factual basis for the charge that Mayor Heiberg intended to violate the law when he purchased the truck for the city, Charge One is factually insufficient to support the recall petition.

2. Charge Five  Destruction of Public Records
¶ 17 Charge Five alleges that Mayor Heiberg authorized the destruction of a resolution introduced at a town council meeting that called for a vote of no confidence in him. As with Charge One, Charge Five is factually insufficient.
¶ 18 Schwartz and Pearce have provided no factual basis for the proposition that Mayor Heiberg either destroyed or authorized the destruction of the resolution. The *570 facts alleged merely establish that the mayor received a copy of the petition and that, sometime thereafter, the resolution was not included in response to a public records request filed with the city clerk for the council packet. There is no factual basis for the claim that the record was destroyed, much less that Mayor Heiberg destroyed it. Schwartz and Pearce contend that the mayor would be responsible for destruction by the city clerk by virtue of his supervisory capacity. "However, this court has noted that there is `no authority for the proposition that a public official may be recalled for the act of a subordinate done without the official's knowledge or direction.'" Reed, 156 Wash.2d at 58, 124 P.3d 279 (quoting In re Recall of Morrisette, 110 Wash.2d 933, 936, 756 P.2d 1318 (1988)). Schwartz and Pearce fail to allege knowledge of any facts supporting the charge that Mayor Heiberg has destroyed or authorized the destruction of the resolution. As such, this charge is not factually sufficient. Sandhaus, 134 Wash.2d at 668, 953 P.2d 82.

CONCLUSION
¶ 19 While a court's role in reviewing recall petitions is limited, it is nonetheless our duty to ensure that the charges are both legally and factually sufficient. Because neither of the charges before us is supported by a sufficient factual basis, we reverse the decision of the superior court and dismiss the recall petition.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, GERRY L. ALEXANDER, TOM CHAMBERS, MARY E. FAIRHURST, JAMES M. JOHNSON, DEBRA L. STEPHENS, CHARLES K. WIGGINS, Justices.